# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOSEPH HOOK**, *on behalf of himself and all others similarly situated*, | ) ) ) | CASE NO. |
| Plaintiff, | ) ) | JUDGE |
| v. | ) ) | MAGISTRATE JUDGE |
| **ASCENDUM SOLUTIONS, LLC** c/o Mahendra B. Vora 101 Knightsbridge Drive Hamilton, Ohio 45011 | ) ) ) ) ) ) | |
| -and- | ) ) | |
| **LOANDEPOT.COM, LLC** c/o CT Corporation Systems 4400 Easton Commons Way Suite 125 Columbus, Ohio 43219 | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
### WITH JURY DEMAND

Now comes Plaintiff Joseph Hook, by and through counsel, and for his Collective Action Complaint against Ascendum Solutions, LLC and LoanDepot.com LLC (collectively "Defendants"), states and alleges the following:

### INTRODUCTION

1. This "collective action" challenges Defendants' practices and policies of failing to pay Plaintiff and other similarly-situated employees overtime wages earned by them and owed to them in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C §§ 201-219.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a United States citizen and an Ohio resident.

3. At all relevant times, Plaintiff was employed by Defendants as an underwriter in Cincinnati, Ohio. At all relevant times, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and was engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

4. Defendant Ascendum Solutions, LLC (hereinafter "Ascendum"), is an Ohio for-profit limited liability company headquartered in Cincinnati, Ohio.

5. Ascendum is an employer within the meaning of Section 3(d) and 3(x) of the FLSA, 29 U.S.C. § 203(d); 29 U.S.C. § 203(x).

6. Ascendum is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

7. Defendant LoanDepot.com, LLC (hereinafter "LoanDepot"), is a Delaware for-profit limited liability company headquartered in California. LoanDepot is registered in Ohio as a foreign limited liability company and offers its services and employees individuals, including Plaintiff, in Ohio.

8. LoanDepot is an employer within the meaning of Section 3(d) and 3(x) of the FLSA, 29 U.S.C. § 203(d); 29 U.S.C. § 203(x).

9. LoanDepot is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

10. Ascendum and LoanDepot are and were joint employers of Plaintiff and other similarly-situated employees pursuant to 29 U.S.C. §§ 20(r) and 207(b).

11. Plaintiff was employed by Defendants.

12. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

13. Venue is proper in the Southern District of Ohio under 28 U.S.C. § 1391 because all or part of the events giving rise to Plaintiff's claims occurred here.

## FACTUAL BACKGROUND

14. Plaintiff was employed by Defendants from January 2016 until January 2017.

15. Throughout his employment with Defendants, Plaintiff worked as an underwriter.

16. Other similarly-situated employees were and are employed by Defendants as underwriters.

17. While employed as an underwriter, Plaintiff and other similarly-situated employees worked in excess of forty hours per workweek on a regular and recurring basis.

18. Defendants did not pay Plaintiff or the other similarly-situated employees overtime for their work in excess of forty hours per workweek as required under the FLSA in the manner and methods provided in, and subject to, the FLSA's exemptions in 29 U.S.C. §§ 207 and 213.

19. Defendants failed to make, keep, and preserve records of the hours worked by Plaintiff and other similarly-situated employees.

20. Defendants knowingly and willfully failed to pay Plaintiff and other similarly-situated employees overtime wages throughout their employment.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff brings Count I of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendants' unlawful conduct.

22. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current underwriters employed by Ascendum, LLC and/or LoanDepot.com, LLC at any time between January 26, 2015 and the present.

23. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief, avers that it consists of at least 75 persons.

24. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own interests in bringing this action.

25. These similarly-situated employees are known to Defendants and are readily identifiable through Defendants' payroll and employee records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

26.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## COUNT ONE
### Violation of the Fair Labor Standards Act
(by Plaintiff on behalf of himself and all other similarly situated)

27.     Plaintiff re-alleges all prior paragraphs and incorporates them here by reference.

28.     The FLSA requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

29.     Plaintiff and the similarly situated employees he seeks to represent regularly worked in excess of 40 hours per workweek for Defendants.

30.     Defendants' policy and practice of not paying Plaintiff and other similarly situated employees overtime at the proper overtime rate violates the FLSA.

31.     By engaging in the above-mentioned activities, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

32.     As a result of Defendants' practices and policies, Plaintiff and all those similarly situated have been damaged.

## CONCLUSION

WHEREFORE, Plaintiff and all those similarly situated collectively pray that this Honorable Court:

A.      Issue an order permitting this litigation to proceed as a collective action;

B.      Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C.      Award Plaintiff and the class he represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the class he represents liquidated damages in an amount equal to the unpaid regular wage and overtime compensation found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

**COHEN ROSENTHAL & KRAMER LLP**

/s/ Jason R. Bristol
Jason R. Bristol (0072989)
3208 Clinton Avenue
Cleveland, Ohio 44113
(216) 815-9500 (Telephone and Facsimile)
jbristol@crklaw.com

**JASON P. MATTHEWS, LLC**

/s/ Jason P. Matthews
Jason P. Matthews (00073144)
130 West Second Street, Suite 924
Dayton, OH 45402
Phone: 937.608.4368
Fax: 1.888.577.3589
jason@daytonemploymentlawyers.com

*Attorneys for Plaintiff*